SCHOTT, Judge,
concurring.
In this case plaintiffs have taken an appeal from a judgment in their favor for the sole purpose of correcting an insubstantial error in the form of the judgment. The appellate process is not designed for this purpose. An appeal is designed to give relief to the litigant against whom the trial court rendered judgment in whole or in part. The trial court did not decide anything against appellants. A default judgment presumably drafted by appellants was signed by the trial court on appellants’ motion. The proper procedure for appellants to accomplish their purpose is provided by C.C.P. Art. 1951 authorizing the trial court to amend appellants’ judgment on a simple ex parte motion filed by them. Even at this time appellants may file such a motion since the article provides for no time limit on its filing.
Were it not for the amount of time gone by since this appeal was taken in July, 1985 I would be inclined to dissent from the majority opinion and vote to dismiss this appeal. However, since there is no clear jurisdictional defect in the appeal, appellees do not contest appellants’ right to the relief they seek, and judicial economy is best served by granting the relief, reluctantly, I concur in the opinion.
*554 I do not join in the disposition of appel-lees’ contention that the default judgment is null because no citation was issued to them. In the first place, appellees are entitled to no relief whatsoever because they failed to answer the appeal. C.C.P. Art. 2133. Furthermore, even if they had filed a timely answer to the appeal they cannot for the first time attack the validity of the default judgment in the appellate court. Their remedy is an action of nullity based upon C.C.P. Art. 2002(2) which “must be brought in the trial court.” Art. 2003. Thus appellees’ contention should not even be considered by this court.